O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNICHAPPELL MUSIC, INC., a Delaware corporation, | ) ) ) | Case No. CV 14-02382 DDP (PLAx) |
| Plaintiff, | ) ) | **ORDER DENYING MOTION TO STAY ACTION** |
| v. | ) ) | [Dkt. No. 12] |
| MODROCK PRODUCTIONS, LLC, | ) ) | |
| Defendant. | ) ) | |

Before the court is Defendant Modrock Productions, LLC ("Modrock")'s Motion to Stay Action. (Dkt. No. 12.) The matter is fully briefed and suitable for decision without oral argument. Having considered the parties' submissions, the court adopts the following order denying the motion.

**I. Background**

In this motion, Modrock moves to stay this action during the pendency of an action Modrock filed in Los Angeles Superior Court on January 22, 2014. See Modrock Productions, LLC v. Warner/Chappell Music, Inc., Case No. BC533925 ("State Case," Complaint at Defendants' Request for Judicial Notice, Ex. A., Dkt. No. 13.)

    Modrock is a production company formed to develop and produce "ModRock," a musical set in London in the 1960s. It has alleged in the State Case that Warner/Chappell Music, Inc., ("Warner/Chappell"), an affiliate of Plaintiff Unichappell Music, Inc. ("Unichappell"), granted Modrock oral or implied non-exclusive licenses to use several musical compositions to which Unichappell owns copyrights, but then repudiated those licenses shortly before the musical was to be performed. (Id. ¶¶ 13-22.) ModRock alleged that, because of the late repudiation, it was forced to include the compositions in its performances of the musical. (Id. ¶ 2.) Modrock asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, among several other related claims.

    In the instant action before this court, Unichappell alleges that Modrock used the copyrighted compositions without authorization. (Complaint ¶¶ 9-15.) It alleges that its affiliate Warner/Chappell initially informed Modrock's representative, (Winogradsky/Sobel, a music clearance company), that it could not process the requests for licenses without additional information and subsequently communicated that the requests were denied, but that Modrock nevertheless proceeded to use the compositions in its performances. (Id.) Unichappell asserts claims for copyright infringement. (Id. ¶¶ 16-25.)

    As discussed below, Modrock contends that the action should be stayed pursuant to the Colorado River doctrine or, alternatively, pursuant to the court's inherent power to control its docket.

**II.	Colorado River Doctrine**

**A.	Legal Standard**

Under the Colorado River doctrine, a federal court may stay proceedings in favor of parallel state court litigation in the interests of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976). A stay is proper only in "extraordinary circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). This "exception to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them' is a narrow one." Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 912 (9th Cir. 1993) (quoting Colorado River, 424 U.S. at 817).

Of relevance for the instant motion, "the Colorado River doctrine only applies to claims under the concurrent jurisdiction of the federal and state courts. [T]he district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under the wise judicial administration exception." Minucci v. Agrama, 868 F.2d 1113, 1115 (9th Cir. 1989).

**B.	Discussion**

Modrock's request for a stay under the Colorado River doctrine is fatally flawed because the instant case involves a claim for federal copyright infringement, which is within the exclusive jurisdiction of the federal courts. See 28 U.S.C. § 1338(a); Minucci 868 F.2d at 1115 ("Since Minucci's copyright claim is within the exclusive jurisdiction of the federal courts, the Colorado River doctrine is inapplicable."). Indeed, "Ninth Circuit precedent is quite clear on this point: the Ninth Circuit has

3

repeatedly stated that Colorado River abstention applies only to claims under the concurrent jurisdiction of the federal and state courts and that district courts lack discretion to stay proceedings as to claims within exclusive federal jurisdiction." Krieger v. Atheros Commc'ns, Inc., 776 F. Supp. 2d 1053, 1058 (N.D. Cal. 2011).

Modrock's attempts to convince the court that its motion is not barred under Minucci are unsuccessful. Modrock contends that this "this is really a breach of contract case at its heart," because Modrock asserts as its defense that it had a license to use the compositions. (Motion at 21.) However, as Unichappell points out, it is Unichappell's copyright claims, not Modrock's defense, that gives this court exclusive jurisdiction over the action. Effects Associates, Inc. v. Cohen, 817 F.2d 72, 73 (9th Cir. 1987) ("a claim 'arises under' federal law for purposes of federal question jurisdiction on the basis of a well-pleaded complaint, not from anticipation of possible affirmative defenses").

It is true, as Modrock appears to note, that "a case does not arise under the federal copyright laws ... merely because the subject matter of the action involves or affects a copyright." Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983). An action "arises under" the Copyright Act "if and only if" (1) the complaint seeks a remedy expressly granted by the Copyright Act; (2) the complaint requires interpretation of the Copyright Act; or (3) federal principles should control the claims. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 986 (9th Cir. 2003) (citing T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964)).

4

Here, this court plainly has subject matter jurisdiction. The case satisfies the first prong of the Harms test because Unichappell seeks relief expressly provided for under the Copyright Act, including injunctive relief in the form of a permanent injunction under 17 U.S.C. § 502, actual or statutory damages under 17 U.S.C. § 504(b)-(c), and attorneys fees under 17 U.S.C. § 505. (See Complaint at 6-8.) The case also satisfies the second prong because it will inevitably require, at the least, some examination of the extent of the alleged unauthorized use of the compositions at issue in considering Unichappell's claims for copyright infringement.

This case is unlike Scholastic Entm't and Hanna-Barbera Prods., Inc. v. Screen Gems-EMI Music Inc., 829 F. Supp. 67 (D.D.N.Y. 1993), on which Modrock relies, because it involves more than merely the question of ownership of a copyright or interpretation of a contract. In Scholastic Entm't, the Ninth Circuit upheld the district court's finding that it lacked subject matter jurisdiction where, following the dismissal of copyright infringement claims, the only remaining issue was the validity of the termination of a contract. See Scholastic Entm't, 336 F.3d at 982, 989. Likewise, in Hanna-Barbera Prods., the district court determined that it lacked subject matter jurisdiction where it found that the "core claim [was] for breach of contract, and only incidentally for copyright infringement." Hanna-Barbera Prods., Inc., 829 F. Supp. at 71. In the present case, the matter of an alleged license appears only as a defense to Plaintiff Unichappell's suit, which solely asserts claims for copyright infringement.

5

**III. The Court's Inherent Power to Manage Its Docket**

As an alternative ground for its motion, ModRock contends that the court should stay the instant case using its inherent authority to manage its docket under <u>Landis v. North Am. Co.</u>, 299 U.S. 248 (1936) and its progeny.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis</u>, 299 U.S. at 254. However, the court's inherent power is not without limits. One such limit is the rule announced by the Ninth Circuit in <u>Minucci</u>, as discussed above, prohibiting district courts from staying actions, such as the present one, where the sole causes of action are within its exclusive jurisdiction. See <u>Krieger v. Atheros Commc'ns, Inc.</u>, 776 F. Supp. 2d at 1058 (Under <u>Minucci</u>, "district courts lack discretion to stay proceedings as to claims within exclusive federal jurisdiction.") Indeed, the authority allowed under <u>Landis</u> cannot

///

///

be read without reference to the limitation imposed by Minucci, because doing so would render Minucci meaningless. For the reasons stated in the previous subsection, this court lacks authority to stay the action under Minucci.[1]

IT IS SO ORDERED.

Dated: June 10, 2014

DEAN D. PREGERSON

United States District Judge

---

[1] Even were the court to have the discretion to stay the instant action under Landis, it would not do so because the Landis factors militate against granting of a stay. Most important, the court finds that "possible damage which may result from the granting of a stay," CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55), in the form of the delay of unknown duration that Unichappell will experience in pressing its claims and obtaining relief, weighs strongly against a stay.