O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICHAPPELL MUSIC, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MODROCK PRODUCTIONS, LLC,<br><br>　　　　　Defendant.<br>_____ | ) Case No. CV 14-02382 DDP (PLAx)<br>)<br>) **ORDER DENYING IN PART AND**<br>) **GRANTING IN PART**<br>) **COUNTERDEFENDANTS' MOTION TO**<br>) **DISMISS**<br>)<br>) [Dkt. No. 30.]<br>)<br>)<br>)<br>) |

Presently before the Court is the Motion to Dismiss Defendant's Counterclaims filed by Steven Winogradsky and Winogradsky/Sobel (collectively, "Counterdefendants"). Having heard oral arguments and considered the parties' submissions, the Court adopts the following order.

**I.　BACKGROUND**

Defendant Modrock Productions ("Modrock") is a company formed for the limited purpose of putting on a musical stage show involving classic rock songs. (Counterclaims, ¶ 12.) Modrock alleges it entered into a written contract with Steven Winogradsky and Winogradsky/Sobel ("WS") for services related to clearing the

necessary rights to the songs to be used in the show. (Id. at ¶ 16.) Modrock alleges that use of the songs was vital to the show and that it would not have invested time and money in mounting the show if it had known that certain songs would turn out to be unavailable. (Id. at ¶ 13.)

Modrock alleges that around March 2012 it received notification from Winogradsky and/or WS that all but one of the songs, including the Kinks songs "Sunny Afternoon" and "Dedicated Follower of Fashion," had been verbally cleared for use by agents or employees of Plaintiff, which holds the rights to the songs. (Id. at ¶ 18.) In May of 2012, Modrock alleges, it received notification that all necessary songs were now verbally cleared. (Id. at ¶ 22.) Modrock alleges that, relying on the Counterdefendants' representations, it then began production on the show. (Id. at ¶ 22-24.)

A year later, shortly before the show was set to open, Modrock alleges that Winogradsky and/or WS informed Modrock that Plaintiff's position was now that "Sunny Afternoon" and "Dedicated Follower of Fashion" were *not* cleared, because songwriter Ray Davies had not given his permission for them to be used. (Id. at ¶ 25.) Modrock believes that it had legitimate verbal licenses from Plaintiff. (Id. at ¶ 26.) Modrock proceeded to stage the show and pay royalties to Plaintiff. (Id. at ¶ 27-28.) Modrock alleges that Plaintiff "reneged" on the verbal licenses in order to support Ray Davies' own musical show, also called "Sunny Afternoon." (Id. at ¶ 30.)

Apparently as an alternative theory of the case, however, Modrock also alleges that Winogradsky and/or WS breached their

2

contract and engaged in negligent misrepresentation and other related torts when they represented to Modrock that they had secured verbal clearances which they had not, in fact, secured. (Id. at ¶¶ 32-58.)

## II. LEGAL STANDARD

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

## III. DISCUSSION

### A. Contract-Related Claims

Modrock makes claims against Winogradsky and WS for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging that they failed in their contractual duties either by failing to properly obtain licenses or by failing to disclose that the licenses were unavailable. (Counterclaims, ¶¶ 32-39.) Counterdefendants argue that the Counterclaims are not adequately pled because they do not allege the essential terms of the contract and because Modrock's factual assertions do not indicate an actual breach. (Mot. Dismiss at 7-13.)

3

Under California law, the elements of a breach of contract claims are 1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. <u>Oasis West Realty, LLC v. Goldman</u>, 51 Cal.4th 811, 821 (2011). "[F]ederal procedural law, unlike California law, does not require submission of the written agreement itself to state a claim for breach of contract." <u>Sutherland v. Francis</u>, No. 12-CV-05110-LHK, 2013 WL 2558169, at *4 n.3 (N.D. Cal. June 10, 2013). A contract may be pled verbatim or pled "according to its legal effect." 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1235 (3d ed. 2008). "[F]ederal procedure requires only that the defendant have notice of the contract alleged to be breached." <u>Kassa v. BP W. Coast Products, LLC</u>, No. C-08-02725 RMW, 2008 WL 3494677, at *4 (N.D. Cal. Aug. 12, 2008).

Counterdefendants argue that Modrock is required to plead numerous terms of the contract, "such as the amount of the fee, the term, the time frame for each party's performance, whether there were any other performance obligations, guarantees, releases, options, remedies, whether and how the agreement could be terminated, and so on." (Mot. Dismiss at 6:1-4.) The Court finds that such detailed pleading is not necessary to put Counterdefendants on notice as to the elements of Modrock's claims, nor to state a plausible claim. Some of the terms Counterdefendants list are irrelevant to the claim (the amount of Counterdefendants' fees, for example, is not at issue), while others are relevant only as defenses. If there are contractual defenses, Counterdefendants are, of course, free to point to contract provisions that prove them. But the contract as alleged

4

is sufficient to put Counterdefendants on notice as to the general shape of Modrock's claim.

Nor does the Court agree that the Counterclaims fail to identify parties to the contract. Winogradsky and WS are both identified as counterdefendants to the contract claims, and this is consistent with Modrock's intent to plead alter ego liability. Additionally, even if alter ego liability is insufficiently pled, see Part III.D., infra, a statement that "Counterclaimant . . . entered into a written contract to engage the services of Winogradsky" to clear songs, (Counterclaims, ¶ 17), is not inconsistent with the idea that the contract was formed with WS, because if the alter ego theory is not correct then presumably Winogradsky performed his services on behalf of, and as an agent for, WS.

Finally, Counterdefendants argue that the contract-related claims do not allege any facts showing a breach, because Modrock pleads facts showing that Plaintiff misinformed Counterdefendants. (Mot. Dismiss at 9-13.) It is true that Modrock alleges the Plaintiffs falsely informed Counterdefendants that the licenses were cleared. (Counterclaims, ¶¶ 19, 30.) However, Plaintiff's primary theory of the case is that it never made any such representations. (Compl., ¶¶ 10-13.) Therefore, in the alternative, Modrock alleges that Plaintiff did *not* make such representations, that there *were* no licenses, and that WS and/or Winogradsky breached their contractual duties by failing to properly obtain licenses and/or failing to inform Modrock that they were unable to obtain them. (Counterclaims, ¶ 34.) Modrock is free to inconsistent theories in the alternative, and contradictory

pleadings as to alternative theories will not be held against a party.  "[I]n light of the liberal pleading policy embodied in Rule [8] . . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." <u>Aholelei v. Dep't of Pub. Safety</u>, 488 F.3d 1144, 1149 (9th Cir. 2007).

**B.   Claims of Professional Negligence, Breach of Fiduciary Duties, and Equitable Indemnity**

Modrock also makes claims against Counterdefendants for professional negligence, breach of fiduciary duties, and equitable indemnity, all stemming from essentially the same fact pattern as the contract claims.  In essence, Modrock alleges that one of two things happened; *either* Plaintiff made misrepresentations to Winogradsky and WS, *or* Winogradsky and WS failed to gain valid licenses and then failed to tell Modrock what had happened.  Counterdefendants again argue that the allegations as to the first theory make the second theory impossible.  This is true, but, as discussed above, Modrock may plead contradictory alternative theories.  These claims stand as well.

**C.   Pleading Standards for Negligent Misrepresentation Claims**

Modrock makes a negligent misrepresentation claim against Counterdefendants on substantially the same facts as the other claims.  Counterdefendants argue that the claim is not adequately pled, because the misrepresentation claim, as a species of fraud, must be pled in accordance with the heightened pleading standards of Rule 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  (Mot. Dismiss at 13-14.)  In the Opposition and Reply,

6

the parties argue the legal standard governing pleading of negligent misrepresentation. (Opp'n at 16; Reply at 4.)

The elements of negligent misrepresentation are "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal. App. 3d 954, 962, 226 Cal. Rptr. 532, 537 (Ct. App. 1986). The elements are roughly identical to the elements for fraud, except that negligent misrepresentation lacks the mental state, required for fraud, of actual awareness that the representation is false. Lazar v. Superior Court, 12 Cal.4th 631, 637 (1996). Thus, the question arises: is pleading negligent misrepresentation governed by Rule 9(b), or by the more lenient standard of Rule 8?

Courts in this circuit are divided on the question, and that the Ninth Circuit has spoken to it only in passing and only in unpublished opinions. Compare Kelley v. Rambus, Inc., 384 F. App'x 570, 573 (9th Cir. 2010) ("Kelley's state law claims for common law fraud and negligent misrepresentation fail to meet the heightened pleading standards of Rule 9(b) . . . .") and Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("[B]oth claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."), with Miller v. Int'l Bus. Machines Corp., 138 F. App'x 12, 17 (9th Cir. 2005) ("[C]laim nine is not a fraud claim. Rather, it is a negligent misrepresentation claim.") and Petersen v. Allstate Indem. Co., 281

F.R.D. 413, 418 (C.D. Cal. 2012) ("[T]he California tort of negligent misrepresentation need not satisfy the heightened pleading standard of Rule 9(b).").

The more recent cases in this district, however, have trended away from requiring negligent misrepresentation claims to meet Rule 9(b) standards. As <u>Cutler v. Rancher Energy Corp.</u> explains in some detail, California courts have held that the tort sounds in negligence – that is, the gravamen of the claim is a failure to exercise reasonable care. No. SACV 13-00906-DOC, 2014 WL 1153054, at *4-*5 (C.D. Cal. Mar. 11, 2014); <u>see also</u> <u>Petersen</u>, 281 F.R.D. at 418. Thus, it is not the sort of claim that would tend to damage defendants' reputation for honesty – one of the chief justifications for requiring more specific pleading in fraud claims. See <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985). This Court therefore finds that negligent misrepresentation claims need only satisfy the pleading standards of Rule 8.[1]

**D.   Alter Ego Liability**

Modrock alleges that WS is just an "alter ego" of Winogradsky himself, so that the Court should look beyond the corporate form and hold Winogradsky personally responsible for the alleged breaches and torts of WS. Counterdefendants argue that Modrock pleads its alter ego theory only conclusorily, without alleging specific facts tending to show that there is good reason to ignore the corporate fiction.

---

[1] Counterdefendants also argue that Modrock's factual pleading contradicts its claims, but as discussed above, Modrock is entitled to plead contradictory alternative theories.

8

Under California law, to show that a court should pierce the corporate veil under an "alter ego" theory, a party must demonstrate two things: first, there must be "unity of interest and identity" between the corporation and the principals, such that they are no longer separate persons; and second, the piercing must be necessary to avoid "an inequitable result." <u>Mesler v. Bragg Mgmt. Co.</u>, 39 Cal. 3d 290, 300 (1985). Of course, the most damning evidence of the "unity of interest and identity" is often in the hands of the corporation and its principals and can be found nowhere else. Thus, the pleading requirement is not strict: numerous factors showing unity of interest or identity have been identified by the California courts,[2] and a plaintiff need only

---

[2] Such factors include: "commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses; the treatment by an individual of the assets of the corporation as his own; the failure to obtain authority to issue stock or to subscribe to or issue the same; the holding out by an individual that he is personally liable for the debts of the corporation; the failure to maintain minutes or adequate corporate records, and the confusion of the records of the separate entities; the identical equitable ownership in the two entities; the identification of the equitable owners thereof with the domination and control of the two entities; identification of the directors and officers of the two entities in the responsible supervision and management; sole ownership of all of the stock in a corporation by one individual or the members of a family; the use of the same office or business location; the employment of the same employees and/or attorney; the failure to adequately capitalize a corporation; the total absence of corporate assets, and undercapitalization; the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest, or concealment of personal business activities; the disregard of legal formalities and the failure to maintain arm's length relationships among related entities; the use of the corporate entity to procure labor, services or merchandise for another person or entity; the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of
(continued...)

plead "two or three" of them to withstand a motion to dismiss. <u>Pac. Mar. Freight, Inc. v. Foster</u>, No. 10-CV-0578-BTM-BLM, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010).

Nonetheless, *some* facts showing the factors mentioned above must be pled. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) Modrock's pleading, while it correctly identifies a number of factors, alleges no facts supporting those factors. It is not enough to say, for example, that "W/S is the mere shell, instrumentality, and conduit through which Winogradsky carried and carries on his own business and transactions." (Counterclaims, ¶ 7(b).) That is the legal conclusion that Modrock wishes the Court to reach. That conclusion must be buttressed by some allegation of a particular event, pattern of behavior, mode of control, or other fact showing that WS is a mere shell. When such particular facts are pleaded, the Court will, of course, treat them as true for purposes of any motion to dismiss.

**IV. CONCLUSION**

The motion is GRANTED IN PART and DENIED IN PART. The pleading as to alter ego theory is DISMISSED WITHOUT PREJUDICE, and Modrock is GRANTED LEAVE TO AMEND its counterclaims. Any such

---

[2](...continued) assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; the contracting with another with intent to avoid performance by use of a corporate entity as a shield against personal liability, or the use of a corporation as a subterfuge of illegal transactions; and the formation and use of a corporation to transfer to it the existing liability of another person or entity." <u>Zoran Corp. v. Chen</u>, 185 Cal. App. 4th 799, 811-12 (2010) (ellipses omitted).

10

amendment shall be filed with this Court not later than 14 days from the date of this order.

IT IS SO ORDERED.

Dated: February 10, 2015

DEAN D. PREGERSON
United States District Judge