O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNICHAPPELL MUSIC, INC., a )  Case No. CV 14-02382 DDP (PLAx)
Delaware corporation, )
                      )  [Motion filed on 1/26/16] **ORDER**
          Plaintiff, )  **DENYING EX PARTE APPLICATION TO**
                      )  **AMEND SCHEDULING ORDER**
     v.               )
                      )  [Dkt. No. 72]
MODROCK PRODUCTIONS, LLC, )
                      )
          Defendants. )
_____ )

The Court DENIES Modrock Productions, LLC's ("Modrock") Ex

Parte Application to Amend Scheduling Order for lack of good cause

shown.

The Scheduling Order set an expert discovery cut-off of

January 15, 2016. (Dkt. No. 46.) The parties were ordered to

agree on a date for expert disclosure pursuant to FRCP 26(a)(2),

with the only limit being that the agreed upon date "must precede

the discovery cut-off date such that all discovery, including

expert depositions, must be completed prior to the discovery cut-

off date." (Dkt. No. 46.)

Modrock's own motion admits that the parties never met and

conferred about such internal expert discovery dates. (Dkt. No. 72

at 2.)  Modrock designated an expert on January 15, 2016, but the expert did not provide a finished report by that date, and Modrock's disclosure to the other parties acknowledged the lateness of the expert disclosure.  (Dkt. No. 72 at 4-5.)  The other parties chose not to designate experts.  (Dkt. No. 74 at 3; Dkt. No. 75 at 5-6.)  Modrock planned to have an expert, but never set a meet and confer date to set expert dates, despite having the obligation to do so under the Court's Scheduling Order.  Modrock also never sought an extension of the expert discovery cut-off until eleven days after the cut-off passed when it filed this ex parte.

Further, there is already one pending Motion for Summary Judgment on the Court's calendar.  (Dkt. No. 67.)  The parties have mentioned that other summary judgment motions will be filed before the February 1, 2016, motion deadline.  (Dkt. No. 76.)  The final pretrial is scheduled for April 25, 2016, and the trial set for may 3, 2016.

The other parties claim that if Modrock is allowed to modify the Scheduling Order to make its expert timely, then they would also need time not only to depose that expert, but also to potentially have rebuttal experts.  (Dkt. Nos. 74, 75.)  All of this would require the Court to further modify the Scheduling Order and delay trial dates.  Modrock's failure to comply with the Scheduling Order deadline is unreasonably disruptive and not demonstrative of diligence.  Such modification would also result in continuance of motions for summary judgment and trial dates.

//

//

//

2

1   Therefore, Modrock's Ex Parte Application is DENIED.

2

3   IT IS SO ORDERED.

4

5   Dated: February 1, 2016

6                                           DEAN D. PREGERSON

7                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28